[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 12, 1994 Date of Application Undated Date Application Filed September 16, 1994 Date of Decision September 26, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Docket No. CR6-390405;
Thomas M. Conroy, Esq. Counsel, for Petitioner.
Robert J. O'Brien, Esq. Supervisory Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of six counts of conspiracy to commit robbery in the first degree, in violation of General Statutes § 53a-134 (a)(2) and § 53a-48(a). As a result of such conviction, petitioner was sentenced to concurrent terms of twenty years execution suspended after fifteen years with three years probation on five counts. A five year sentence with execution suspended was imposed consecutively. Total effective sentence imposed was twenty-five years execution suspended after fifteen years and three years probation with certain terms and conditions. CT Page 11873
Petitioner's conviction resulted from his participation in a number of armed robberies. In some instances shots were fired although no injuries were suffered. Petitioner denied carrying a weapon in any of these robberies, but he did share in the proceeds derived from the crimes.
Petitioner's attorney requested a reduction in sentence arguing that the sentence imposed was disproportionately high. The attorney pointed out that petitioner was not armed during any of the robberies, and that his active participation in the robberies was limited to two occasions. He served as the driver on the remaining robberies. It was pointed out that petitioner had no prior criminal record and at the time of conviction a good work record. It was argued that petitioner did not contest the charges and that a reduction of two or three years would be appropriate.
The State's attorney argued against any reduction. He pointed out that the sentence imposed was two years less than the maximum agreed to in the plea agreement.
At the time of sentencing, petitioner expressed his remorse for the crimes and promised the judge that he would make better choices in the future.
In imposing sentence, the judge considered petitioner's age and prior record as a good responsible citizen. The judge also commented on the gravity of the offenses and that in the eyes of the law, petitioner was guilty of the armed robberies even though his participation was less culpable than his co-conspirators.
Considering all of the factors involved, it cannot be found that the sentence imposed should be modified. It is not inappropriate or disproportionate in light of the serious nature of the offenses. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 11874